**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Richard Billy GUNTER, Defendant–
Appellant.**

No. 02–4431.

United States Court of Appeals,
Sixth Circuit.

Dec. 4, 2003.

Margaret Mary Quinn, U.S. Attorney Office, Dayton, OH, for Plaintiff–Appellee.

Matthew Ryan Arntz, Dayton, OH, for Defendant–Appellant.

Before SILER and GILMAN, Circuit Judges; and BUNNING, District Judge.\*

*ORDER*

Richard Billy Gunter, a federal prisoner proceeding through counsel, appeals the sentence imposed upon his convictions. The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On July 19, 2000, Gunter pleaded guilty to conspiracy to distribute and to possess with intent to distribute in excess of 5 kilograms of cocaine, in violation of 21 U.S.C. § 846, and theft of government funds, in violation of 18 U.S.C. § 641. Out of a total of eleven defendants charged in the conspiracy, the presentence report ranked Gunter as fourth in regard to relative culpability. Gunter objected to this ranking and further argued that he was entitled to a reduction in his offense level because he was a minimal participant in the conspiracy. *See* USSG § 3B1.2(a). The district court conducted hearings on the matter, but ultimately overruled Gunter's objection and sentenced Gunter to 188 months in prison on the conspiracy charge and 120 months in prison on the theft charge, to be served concurrently.

---

\* The Honorable David L. Bunning, United States District Judge for the Eastern District of Kentucky, sitting by designation.

In his timely appeal, Gunter contends that the district court erred by not granting him a reduction for a minimal role and that a sentencing court must make a finding for each contested fact in a PSR.

Traditionally, this court has reviewed a district court's denial of a mitigating role adjustment for clear error. *United States v. Roberts*, 223 F.3d 377, 379–80 (6th Cir. 2000). But this court also has stated that the standard of review should be the same as that for an aggravating role adjustment, such that the district court's factual findings concerning a mitigating role adjustment are reviewed for clear error, while its legal conclusions are reviewed de novo. *Id.*

Regardless of which standard is applied in the instant case, we conclude that the district court made proper findings of fact and properly denied the adjustment.

Review of the record shows that the district court made findings concerning Gunter's objections. At sentencing, the district court found that Gunter was properly ranked within the hierarchy and expressly overruled Gunter's objection, reasoning that Gunter admitted to facts at the plea hearing which made him ineligible for a mitigating role reduction and that the government had successfully attacked Gunter's credibility at sentencing.

The district court's findings concerning Gunter's role in the offense are not clearly erroneous. Gunter's minimization of his role in the conspiracy conflicted with the facts to which he admitted at his plea hearing. As this court defers to a district court's assessment of credibility, the district court's finding that Gunter was not credible at sentencing will not be disturbed. *See United States v. Hill*, 195 F.3d 258, 264–65 (6th Cir.1999). Additionally, the facts adduced at the plea hearing did not merit a mitigating role adjustment. At the plea hearing, Gunter confirmed that his roles in the conspiracy were that of cocaine processor, distributor, and facilitator, that he had received and pressed cocaine at his own home, that he processed a total of 48 kilograms over three years, that he and a co-conspirator had purchased a press used at the co-conspirator's house, and that he had rented vehicles so that his co-conspirators could travel to purchase cocaine and conduct business. Based on these facts, Gunter was not plainly among the least culpable of those involved in the offense. *See* USSG § 3B1.2, comment. (n.4). Moreover, he was only held accountable for the amount of cocaine he processed for purposes of determining his base offense level. Thus, he is not entitled to a mitigating role adjustment. *See United States v. Salgado*, 250 F.3d 438, 458 (6th Cir.2001).

Accordingly, the district court's judgment is affirmed.